IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY CHARLES CREEK JR.,

    Defendant.

Case No. 24-CR-259-JFH

**OPINION AND ORDER**

Before the Court is a Joint Motion to Declare Case Complex and to Enter a New Scheduling Order ("Joint Motion") filed by the United States of America ("Government") and Defendant Jerry Charles Creek, Jr. ("Creek"). Dkt. No. 22. For the reasons set forth below, the Motion is GRANTED.

The Indictment in this case charges Defendant with six counts, namely two counts of Assault of an Intimate Partner by Strangulation in Indian Country, Assault Resulting in Serious Bodily Injury in Indian Country, Assault with a Dangerous Weapon in Indian Country, Assault with Intent to Commit Murder in Indian Country, and Aggravated Sexual Abuse by Force and Threat in Indian Country. Dkt. No. 2. The criminal conduct in this case is alleged to have spanned a period of approximately six months. Dkt. No. 22 at 1. The parties state in the Motion discovery thus far includes over 47,000 pages of Bates stamped documents to Defendant, along with videos, recordings, cell phone downloads, surveillance camera footage, body camera footage, medical records, fire investigations, photographs, cell-site data, search warrants, and forensic laboratory packets, among other material. Dkt. No. 22 at 2.

Accordingly, the parties represent that reviewing discovery will be burdensome and may require the involvement of expert witnesses. Dkt. No. 22 at 2-3. For these reasons, pursuant to 18

U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendants in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

Defendant requests an extension of all deadlines to the Court's August 2025 trial docket. Because of the complexity of the discovery in this case, the Court finds such a continuance is appropriate.

IT IS THEREFORE ORDERED that the Joint Motion filed at Dkt. No. 22 is GRANTED. The jury trial set for February 24, 2025 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 7/3/2025 | |
| Notices filed: | 7/3/2025 | |
| *Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609* | | |
| Motions to dismiss for insufficient indictment filed: | 7/3/2025 | |
| Motions and Objections to Notices filed: | 7/10/2025 | |
| *Absent good cause, motions in limine shall be filed by this date* | | |
| *Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)* | | |
| Pretrial conference: | 7/31/2025 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 8/8/2025 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 8/8/2025 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 8/14/2025 | by 4:00 pm |
| Jury trial: | 8/18/2025 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

　　　　IT IS FURTHER ORDERED that the time from February 24, 2025, inclusive, to August 18, 2025 inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

　　　　Dated this 24th day of January 2025.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　JOHN F. HEIL, III
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE